ORAL ARGUMENT SCHEDULED FOR FEBRUARY 12, 2015

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| EL COMITÉ PARA EL BIENESTAR DE EARLIMART, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Respondents. | No. 12-74184 |

**RESPONSE IN OPPOSITION TO PETITIONERS' REQUEST FOR JUDICIAL NOTICE**

On January 8, 2015, Petitioners El Comité para el Bienestar de Earlimart, et al. ("El Comité") moved the Court to take judicial notice of certain facts (Dkt. No. 39), with reference to a report by the California Environmental Health Tracking Program titled "Agricultural Pesticide Use Near Public Schools in California" (the "Schools Report"). Respondents United States Environmental Protection Agency, et al. ("EPA") oppose the motion because, while the request for judicial notice appears otherwise compliant with Federal Rule of Evidence 201, the request asks

this Court to judicially notice facts that were not before EPA at the time the agency made the decision challenged in the instant petition for review.

Judicial review of agency action is based on the record before the agency at the time the agency made its decision. 5 U.S.C. § 706; *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[R]eview is to be based on the full administrative record that was before the Secretary *at the time* he made his decision.") (emphasis added); *see also Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision."), citing *Overton Park*, 401 U.S. at 420; *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989) (noting the Supreme Court's holding in *Overton Park* that "judicial review is to be based on the full administrative record before the agency *when it made its decision*") (emphasis in original); *Federal Power Comm'n v. Transcontinental Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976) ("[W]e have consistently expressed the view that ordinarily review of administrative decisions is to be confined to consideration of the decision of the agency and of the evidence on which it was based.") (internal quotations, omission and citation omitted).

This Court has stated that "administrative review disfavors consideration of extra-record evidence." *Nw. Envtl. Advocates v. National Marine Fisheries Serv.*,

2

460 F.3d 1125, 1144 (9th Cir. 2006), citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). Exceptions to the general rule of limiting review of agency action to the administrative record are "narrowly construed and applied." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Further:

> The scope of these exceptions permitted by [Ninth Circuit] precedent is constrained, so that the exception does not undermine the general rule. Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making.

*Id.*

As this Court has stated, "[c]onsideration of the [extra-record] evidence to determine the correctness or wisdom of the agency's decision is not permitted." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980). Post-decisional information "may not be advanced as a new rationalization either for sustaining or attacking an agency's decision." *Southwest Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996).[1]

---

[1] *Center for Environmental Law and Policy v. United States Bureau of Reclamation*, 655 F.3d 1000, 1010 n.5 (9th Cir. 2011) and *City of Las Vegas v. Federal Aviation Administration*, 570 F.3d 1109, 1113 n.1 (9th Cir. 2009) do not support taking judicial notice of the post-decisional information offered by El Comité. In both cases, the Court took judicial notice of agency documents *published by the agency whose action was under review*, unlike here, where the Schools Report is not an EPA document. In both cases, the Court appears to have taken judicial notice for the limited purpose that the defendant agency took a certain action. That is not the situation here.

The Schools Report was released in April 2014. The EPA action that is the subject of this petition for review was published on October 26, 2012. 77 Fed. Reg. 65,294. It is indisputable that the Schools Report and the facts that El Comité asks this Court to judicially notice were not before EPA at the time the agency made its decision.

WHEREFORE, EPA respectfully requests that the Court deny El Comité's request for judicial notice.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

Dated: January 20, 2015

s/ Dustin J. Maghamfar
DUSTIN J. MAGHAMFAR
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-1806
Fax: (202) 514-8865
dustin.maghamfar@usdoj.gov

Attorneys for Respondents